***FILED***

April 14, 2021

U.S. DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

AES:DCP:MSM
F. #2018R01880

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

 and

JOSEPH MODILE,
   also known as "Joe Modile"
   and "Faite,"

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

I N D I C T M E N T

1:21-cr-00108(DG)(RER)

Cr. No. _____
(T. 18, U.S.C., §§ 982(a)(1), 982(a)(2),
982(b)(1), 1028A(a)(1), 1028A(b),
1028A(c)(5), 1349, 1956(h), 2 and 3551
et seq.; T. 21, U.S.C., § 853(p))

THE GRAND JURY CHARGES:

INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

I.    The Defendants

    1.    ███████████████████████████████
███████████████████████████████████████████
██████████████  ███████████████████████████
███████████████████████████████████████████

    2.    The defendant JOSEPH MODILE, also known as "Joe Modile" and "Faite," was a resident of Los Angeles, California.

II.     Relevant Individuals, Entities and Terms

3.      Financial Institutions #1 through #8, entities the identities of which are known to the Grand Jury, were federally chartered banks, the deposits of which were insured by the Federal Deposit Insurance Corporation ("FDIC"). Financial Institutions #1 through #8 each conducted business in several states.

4.      A home equity line of credit, or "HELOC," was a revolving line of credit extended to a borrower by a financial institution and secured by the equity in the borrower's home.

5.      Victim #1, an individual whose identity is known to the Grand Jury, was a resident of Illinois. Victim #1 had a bank account at Financial Institution #1 with a HELOC.

6.      Victim #2, an individual whose identity is known to the Grand Jury, was a resident of California. Victim #2 had a bank account at Financial Institution #2 with a HELOC.

7.      Victim #3, an individual whose identity is known to the Grand Jury, was a resident of California. Victim #3 had a bank account at Financial Institution #2 with a HELOC.

8.      Victim #4, an individual whose identity is known to the Grand Jury, was a resident of California. Victim #4 had a bank account at Financial Institution #3 with a HELOC.

9.      Victim #5, an individual whose identity is known to the Grand Jury, was a resident of California. Victim #5 had a bank account at Financial Institution #4 with a HELOC.

10.     Contractor, an entity the identity of which is known to the Grand Jury, was a construction company headquartered in Minneapolis, Minnesota.

11.     Company, an entity the identity of which is known to the Grand Jury, was a company located in St. Paul, Minnesota that hired Contractor to perform construction work.

III. The Fraud and Money Laundering Schemes

12. During the relevant time period, the defendants ▇▇▇▇ ▇▇▇▇ and JOSEPH MODILE, together with others, operated a sophisticated HELOC fraud scheme in which they took control of existing bank accounts, at times using fraudulent identification documents to impersonate the real account owners, and stole money by drawing down on the HELOCs using cash withdrawals, wire transfers and checks. ▇▇▇▇ and MODILE, together with others, then laundered the proceeds of the HELOC fraud scheme and a separate business email compromise ("BEC") fraud scheme by transferring the stolen funds through a series of bank accounts controlled by the co-conspirators.

A. The HELOC Fraud Scheme

13. In or about and between January 2014 and September 2018, the defendants ▇▇▇▇ and JOSEPH MODILE, together with others, defrauded various individuals, including Victims #1 through #5, and businesses and financial institutions in the United States, including Financial Institutions #1 through #4 (collectively, the "HELOC Fraud Victims"), through a scheme involving a series of bank account takeovers. During this same time period, ▇▇▇▇ and MODILE, together with others, also laundered the illegal proceeds from the bank account takeovers.

14. In furtherance of the HELOC fraud scheme, the defendants ▇▇▇▇ and JOSEPH MODILE, together with others, first acquired the personal identifying information of the actual holders of the targeted bank accounts at the financial institutions, including Victims #1 through #5. The co-conspirators then used that personal identifying information to impersonate the actual holders of the targeted bank accounts, thereby gaining control of the accounts. In some cases, members of the conspiracy recruited "runners," who impersonated the actual account holders inside bank branches using forged and

4

fraudulent identification documents created at the direction of ▮▮▮▮ MODILE and their co-conspirators. In other cases, the co-conspirators called the banks in question, impersonated the actual account holders and changed information associated with the accounts, such as the registered address or the login information for online access to the accounts. ▮▮▮▮ maintained a location in Queens, New York, from which he operated the HELOC fraud scheme.

15. After gaining control of the targeted bank accounts, the defendants ▮▮▮▮ and JOSEPH MODILE, together with others, obtained money from the accounts by, among other means, withdrawing cash, purchasing official checks, sending wire transfers, writing checks and using debit cards to purchase money orders. Some of the funds stolen from the targeted bank accounts were then deposited into other bank accounts controlled by the co-conspirators to conceal the origin of those funds. In some cases, the stolen funds were first deposited into bank accounts set up and controlled by the co-conspirators in the names of the actual victims from whom the money had been stolen. In other cases, the bank accounts into which the stolen funds were first deposited were in the names of sham corporations. The co-conspirators used false and fraudulent identification documents both to create the sham corporations and to establish bank accounts for those sham corporations and the actual holders of the targeted bank accounts. In both cases, the co-conspirators then made additional transfers of the stolen funds to further conceal their origin. In total, the defendants and their co-conspirators stole at least $5 million as part of the HELOC fraud scheme.

    B.    The BEC Money Laundering Scheme

16. In addition to the HELOC fraud scheme, the defendants ▮▮▮▮ and JOSEPH MODILE, together with others, engaged in a separate BEC scheme, using fraudulent emails and telephone calls to steal approximately $10.2 million from Company,

and then laundering those stolen funds through bank accounts controlled by members of the conspiracy.

17.  Specifically, on or about and between April 17, 2018 and April 19, 2018, an employee of Company received several emails and telephone calls that purported to be from Contractor (the "Fraudulent Communications"). The Fraudulent Communications instructed Company to make its next payment to Contractor to a different bank account than Contractor typically used. In reality, the Fraudulent Communications did not come from Contractor, and Contractor had not actually changed its bank account. Instead, the bank account provided in the Fraudulent Communications was an account at Financial Institution #5 in the name of a sham construction company called Mana Construction Inc. (the "Mana Construction Account"). Both the sham company and the Mana Construction Account were controlled by the defendants ▮▮▮▮▮ and JOSEPH MODILE and their co-conspirators.

18.  On or about May 3, 2018, based on the Fraudulent Communications, Company transferred approximately $10.2 million to the Mana Construction Account.

19.  On or about and between May 4, 2018 and May 7, 2018, while the defendant ▮▮▮▮▮ was in Queens, New York, ▮▮▮▮▮ and the defendant JOSEPH MODILE, together with others, transferred a portion of the stolen funds in the Mana Construction Account via check to other bank accounts in the names of sham companies controlled by members of the conspiracy at Financial Institutions #5 through #8 to conceal the origin of those funds, including to accounts in the names of Atleat Maritime Investment Inc. at Financial Institution #5, Auto Links Achievers Inc. at Financial Institutions #6, Copeland Foresight Holding Inc. at Financial Institution #7, and Wayside Logistics LLC at Financial Institution #8.

## COUNT ONE
(Conspiracy to Commit Wire and Bank Fraud – HELOC Scheme)

20. The allegations contained in paragraphs one through 19 are realleged and incorporated as if fully set forth in this paragraph.

21. In or about and between January 2014 and September 2018, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and JOSEPH MODILE, also known as "Joe Modile" and "Faite," together with others, did knowingly and intentionally conspire:

(a) to devise a scheme and artifice to defraud the HELOC Fraud Victims and to obtain money and property from them by means of one or more materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, to transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures and sounds, contrary to Title 18, United States Code, Section 1343; and

(b) to execute a scheme and artifice to defraud one or more financial institutions, including: Financial Institution #1, Financial Institution #2, Financial Institution #3 and Financial Institution #4, and to obtain moneys, funds, credits, assets and other property owned by, and under the custody and control of, those financial institutions by means of one or more materially false and fraudulent pretenses, representations and promises, contrary to Title 18, United States Code, Section 1344.

(Title 18, United States Code, Sections 1349 and 3551 et seq.)

7

## COUNT TWO
(Conspiracy to Commit Money Laundering – HELOC and BEC Schemes)

22. The allegations contained in paragraphs one through 19 are realleged and incorporated as if fully set forth in this paragraph.

23. In or about and between January 2014 and September 2018, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ███████████████████████████████████████ and JOSEPH MODILE, also known as "Joe Modile" and "Faite," together with others, did knowingly and intentionally conspire to conduct one or more financial transactions in and affecting interstate and foreign commerce, which transactions involved the proceeds of one or more specified unlawful activities, to wit: wire fraud and bank fraud, in violation of Title 18, United States Code, Sections 1343 and 1344, knowing that the property involved in the transactions represented the proceeds of some form of unlawful activity, with the intent to promote the carrying on of the specified unlawful activity, and knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of the specified unlawful activity, contrary to Title 18, United States Code, Section 1956(a)(1)(B)(i).

(Title 18, United States Code, Sections 1956(h) and 3551 et seq.)

## COUNT THREE
(Aggravated Identity Theft – HELOC Scheme)

24. The allegations contained in paragraphs one through 19 are realleged and incorporated as if fully set forth in this paragraph.

25. In or about and between January 2014 and September 2018, both dates being approximate and inclusive, within the Eastern District of New York, and elsewhere, the

defendants ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

▉▉▉▉▉▉▉▉ and JOSEPH MODILE, also known as "Joe Modile" and "Faite," together with others, during and in relation to the crime charged in Count One, did knowingly and intentionally transfer, possess and use, without lawful authority, one or more means of identification of one or more other persons, to wit: Victim #1, Victim #2, Victim #3, Victim #4 and Victim #5, knowing that the means of identification belonged to another person.

(Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), 1028A(c)(5), 2 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNT ONE

26. The United States hereby gives notice to the defendants that, upon their conviction of the offense charged in Count One, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(2), which requires any person convicted of such offense to forfeit any property constituting, or derived from, proceeds obtained directly or indirectly as a result of such offense.

27. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

      (a) cannot be located upon the exercise of due diligence;

      (b) has been transferred or sold to, or deposited with, a third party;

      (c) has been placed beyond the jurisdiction of the court;

      (d) has been substantially diminished in value; or

      (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(2) and 982(b)(1); Title 21, United States Code, Section 853(p))

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNT TWO

28. The United States hereby gives notice to the defendants that, upon their conviction of the offense charged in Count Two, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(1), which requires any person convicted of such offense to forfeit any property, real or personal, involved in such offense, or any property traceable to such property.

29. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other

10

property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(1) and 982(b)(1); Title 21, United States Code, Section 853(p))

A TRUE BILL

_____
FOREPERSON

_____
SETH D. DuCHARME
ACTING UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F.#: 2019R00674
FORM DBD-34
JUN. 85

No. _____

## UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

███████████████ and JOSEPH MODILE, also known as "Joe Modile" and "Faite,"

Defendants.

## INDICTMENT

( T. 18, U.S.C., §§ 982(a)(1), 982(a)(2), 982(b)(1), 1028A(a)(1), 1028A(b), 1028A(c)(5), 1349, 1956(h), 2 and 3551 et seq.; T. 21, U.S.C., § 853(p))

*A true bill.*

_____ *[signature]* _____
                                    *Foreperson*

*Filed in open court this* _____ *day, of* _____
____ *A.D. 20* _____

_____
                                         *Clerk*

*Bail, $* _____

*David C. Pitluck and Mathew S. Miller, Assistant U.S. Attorneys (718) 254-6108/6075*